## H. W. RICE V. THE STATE.

No. 15581.   Delivered February 1, 1933.
Rehearing Denied March 22, 1933.
Reported in 58 S. W. (2d) 98.

The opinion states the case.

*R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

The facts in this case are brief. A banker testified that appellant wanted to borrow some money from him and was informed that the money would be lent if the signature of appellant's father-in-law, Mr. A. L. Gunter, could be obtained to the note. When the note was brought back to the bank the name of Mr. Gunter appeared on same in addition to that of appellant. The note was not paid at maturity. Suit was brought upon same.

Mr. A. L. Gunter testified that he did not sign his name on the note shown him, being the note in question, and that he did not authorize anyone else to sign his name to it. He further testified that he knew nothing about the note until he came to the bank a year or more after same was given. He testified that on one occasion he had signed a note for appellant at the Lamar State Bank; that there was no suit brought on that note; that appellant took care of it himself. He further affirmed that he never at any time received a letter from appellant inclosing the alleged forged note and requesting his signature thereon. On cross-examination he was asked if he did not state to his daughter, appellant's wife, that the signature on the note looked like his signature. To this he replied that it did favor it, that it looked somewhat like his signature, but it was not his. Appellant took the witness stand and testified that on the day he made the arrangement with the banker first mentioned herein he received from him a note and mailed it to Mr. Gunter, got it back the next day, and took it to the bank the following day. He said the signature of Mr. Gunter was on the note when it came back. He affirmed that Mr. Gunter had signed several notes for him at the Lamar State Bank, but that the last one so signed was seven or eight years prior to the instant transaction. Appellant introduced one witness who testified to appellant's good reputation as a peaceable, law-abiding citizen.

We find in the transcript four bills of exception. The first complains of the refusal of appellant's application for continuance based on the absence of his wife. The expected testimony from appellant's wife, as set up in the application, does not appear to us to be of materiality such as would call for a new trial. Mr. Gunter himself testified that the name written on

the alleged forged note looked much like his signature, and that of his daughter to the same effect, could not have helped appellant. Nor would her further testimony that she was acquainted with the signature of her father, and that the name A. L. Gunter signed to the alleged forged note resembled the signature of her father, add any weight to that fact, inasmuch as it was admitted by Mr. Gunter.

Bill of exception No. 2 complains of a variance between the instrument plead and that offered in evidence. The alleged variance consisted of certain figures in the corner of the note which appear to have been placed there by the bank after the note was returned to it signed. Such variance is wholly immaterial.

Bill of exception No. 3 sets up that appellant had discovered two witnesses who would testify that the signature on the note in question, and the signature of Mr. Gunter on a plea of non est factum filed by him when sued, bore some resemblance. We fail to see how this testimony would add anything to the admission of Mr. Gunter which was to the same effect and was before the jury.

In the same bill of exception appears complaint based on the refusal of the court to grant a new trial in order that appellant might procure the newly discovered testimony of Morris Fleming, whose affidavit is attached to and made a part of the bill. Mr. Fleming says in said affidavit that a number of years before, appellant executed a note to the Lamar State Bank for which witness worked at that time, and that Mr. Gunter signed the note as surety; that part payments were made on the note from time to time and the note was renewed; that when the last renewal note came due the signature of Mr. Gunter was on the note, and was the same signature as had been on the other notes. He affirms that Mr. Gunter came to his desk and discussed with him the signature to the last renewal, and denied same being his signature and said it was a forgery, and that the bank would have to sue on the note. Witness said he told Mr. Gunter they would try the issue out as to whether or not he signed the note, but before suit was filed this appellant came in and paid the note off. We cannot agree with appellant that this testimony was either admissible or material. Appellant was not offering to prove by Mr. Fleming that he had examined the signature on the alleged forged note in question here, and that in his judgment it was that of Mr. Gunter, but was merely seeking to prove that six or seven years prior to the time of the instant trial appellant carried a note in the

bank with which witness was connected, which, according to witness, had been signed by Mr. Gunter. Witness did not affirm that he ever saw Mr. Gunter sign any note, or that Mr. Gunter ever admitted to him that he signed any note, but on the contrary testified that the first time he saw Mr. Gunter in connection with the note Mr. Gunter denied the signature. Evidence of separate, disconnected, though similar transactions, would hardly be admissible to show that Gunter signed the note in question. We do not think the facts before the trial court, in connection with the motion for new trial, evidence any abuse of discretion of the court in the matter of the refusal to grant a new trial on the ground of newly discovered evidence.

The judgment will be affirmed.

*Affirmed.*